## Case No. 9,497.

### METCALF v. ROBINSON.

[2 McLean, 363.] [1]

Circuit Court, D. Indiana. May Term. 1841.

ACTION OF DEBT—DECLARATION—PROMISED TO PAY—AGREED TO PAY.

1. A declaration in debt on simple contract is bad, if it alledge the defendant promised to

[1] [Reported by Hon. John McLean, Circuit Justice.]

pay. The word "agreed," instead of "promised," should be used.
[Cited in Cruikshank v. Brown, 10 Ill. 78.]

2. The action of debt is founded upon the contract. The action of assumpsit on the promise. And this is the principal distinction between the two actions.
[Cited in Carrol v. Green, 92 U. S. 513.]

3. Though the declaration, in other respects, have the form of debt, yet if it alledge a promise, it has the form of assumpsit and not of debt.

At law.

M'Kinney & Gookins, for plaintiff.
Mr. Lockwood, for defendant.

OPINION OF THE COURT. This action was brought on a bill of exchange, for $627 33, drawn by the plaintiff on the defendant, accepted by him and protested for nonpayment. The first count of the declaration complains, &c., of a plea that the defendant render unto the plaintiff one thousand dollars, which he owes and unjustly detains from him. For that whereas, &c., setting out the bill, its acceptance and protest for nonpayment. And that the plaintiff, as drawer, was forced and obliged to pay the holder, &c., of which the defendant had notice, "by means whereof said defendant then and there became liable to pay said plaintiff said sums of money; and being so liable, he, the said defendant, then and there undertook and promised to pay," &c. The second count states that the defendant was indebted to the plaintiff for so much money, &c., had and received to and for the use of the plaintiff at defendant's request. And, also, in the further sum of seven hundred dollars for money laid out and expended, &c.; and being so indebted, he, the said defendant, in consideration thereof, then and there undertook and promised to pay to the said plaintiff said sums of money, when he, the said defendant, should be thereunto requested. Yet the said defendant has refused, &c., to the damage of the said plaintiff two hundred dollars. To this declaration the defendant demurred, and assigned as cause of demurrer a misjoinder, the first count being in debt and the other in assumpsit.

The forms of a declaration in an action of indebitatus assumpsit, and in debt on simple contract are very similar. There are, however, certain words by which they are distinguished, and which give the one or the other character to the action. The action of debt is founded upon the contract, the action of assumpsit upon the promise, and in this consists the principal distinction between the two actions. In the action of debt, on simple contract, express or implied, the subject matter of the debt should be described precisely as in the common counts in assumpsit. The consideration for the contract must be stated, as also any inducement necessary to explain the contract of consideration, and it should be stated the party agreed to pay. Stating that he promised to

do so would be bad. Emery v. Fell, 2 Term R. 28; 2 Bos. & P. 78. In the case of Brill v. Neele, 3 Barn. & Ald. 208, the record stated, that the plaintiff had brought his bill, &c., in a plea of debt, and the commencement of the declaration was in the common form in debt. The first count then stated, that defendant was indebted to the plaintiff for work and labor, &c., and, being indebted, that the defendant undertook and promised to pay upon request, &c. The second count was upon a quantum meruit, and in form like the first. The other counts were properly framed in debt. To this declaration there was a demurrer, assigning for cause the misjoinder of debt and assumpsit. In support of the demurrer the case of Dalton v. Smith, 2 J. P. Smith [Eng.] 618, was cited, where the court held a declaration containing counts precisely similar to be bad; and Lawrence, Justice, there said, that the counts laid with a promise were counts in assumpsit without a breach.

There can be no doubt, that in the case under consideration, the counts were intended to be in debt. This is plainly seen from the general form and language of the counts. The damages are laid at the conclusion of the declaration, as in debt, in a less amount than the sum demanded. But in both counts it is alledged that the defendant, "in consideration thereof, undertook and promised to pay." This, under the above authority, makes the counts assumpsit. They are counts in assumpsit without a breach. The breach assigned in the last count, which lays the damages at two hundred dollars, when the amount demanded is the sum of one thousand dollars, is wholly irregular. Leave given to the plaintiff to amend his declaration.